44985. SOUTHEASTERN DEUTZ, INC. v. ADAMS.

SUBMITTED JANUARY 5, 1970—DECIDED FEBRUARY 24, 1970.

*Richardson, Chenggis & Constantinides, George G. Chenggis,* for appellant.

*Gilbert & Carter, Fred A. Gilbert,* for appellee.

QUILLIAN, Judge. The defendant contends that the trial judge erred in overruling the motion for a new trial because the evidence demanded a finding that the plaintiff was indebted to the defendant for $942.75 moving cost and $1,710.78 in unauthorized expenditures by the plaintiff. With this contention we cannot agree.

While the cross action alleged that the plaintiff charged his personal moving expenses to the defendant, an invoice introduced by the defendant shows that the cost of the moving was in fact charged to Northcote, Inc., which is a separate legal entity from the defendant.

The allegations of the cross action stated that the plaintiff charged certain unauthorized expenditures to the defendant and that these expenditures were unauthorized and unknown to the defendant until approximately April 1968. However, Mr. Shaw, operational manager for the defendant, after having testified as to the contents of the defendant's books gave the following testimony: "By the court: Q. Are the facts—you testified of your own knowledge, were these facts that were set forth here, were they known to the defendant company, Southeastern Deutz, Incorporated, on August the 28th, 1967? A. Yes, sir. In the month of August, Mr. Adams submitted an expense

report that also included items that were charged on American Express cards that he submitted for payment to me, as being the operational manager of the company at that time. I refused that expense account and wrote him a letter indicating my reasons why, they were duplicate charges, and at that time, Mr. Knott, who was my immediate supervisor, asked me to go back through some of the recent records to determine if there were other duplications. I made a cursory review at that time and found these duplications, and pointed them out to Mr. Knott who, in turn, informed Mr. Woods that there were some."

While the cross action alleged that the defendant had no knowledge of the plaintiff's unauthorized expenditures until April 1968 the contract between the plaintiff and the defendant dated August 28, 1967, states in part: "That with the fulfillment of the obligations set forth in items 1 and 2 above that all obligations between yourself, Northcote Incorporated, Quality Tractor & Equipment Company Incorporated, Southeastern Deutz, Incorporated and the officers of the companies above mentioned will have been satisfied and canceled."

The evidence was sufficient to support the verdict and the overruling of the motion for a new trial was not error.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*